UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY G. HEDGES, D.C.,** | ) | CASE NO. 1:17CV720 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **STEPHEN D. BITTINGER, ESQ., ET. AL.,** | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **Defendant.** | ) | |

**<u>CHRISTOPHER A. BOYKO, J:</u>**

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Notice of Designation of Expert Witnesses and Filing of Expert Reports as Untimely or, in the Alternative, Motion to Disqualify Jonathan Coughlan from Serving and Testifying on Behalf of Plaintiff and Limiting the Testimony of Zeleznik & Associates, LLC. (ECF # 63). For the following reasons, the Court grants, in part and denies, in part Defendants' Motion.

According to Defendants, the Court did not set a cut-off date for the disclosure of expert reports. Therefore, the Federal Rules of Civil Procedure require expert reports be disclosed no later than ninety days before trial. See Fed. R. Civ. P. 26. The trial was originally set for May 4, 2020. Therefore, expert reports were due February 3, 2020. Plaintiff did not file his expert reports until February 4, 2020, one day late. Therefore, Defendants contend the Federal Rules require that Plaintiff's untimely expert reports be stricken.

In addition, Defendants argue Plaintiffs' legal malpractice expert, Jonathan Coughlan,

must not be permitted to offer evidence in this matter because he was originally approached by Defendants to act as their experts. Coughlan was first approached by Defendants to be their expert witness and was provided the Complaint, Answer, and other documents in this case to review by Defendants. Due to this conflict of interest, Defendants ask the Court to strike Coughlan' report or, alternatively, to disqualify Coughlan from testifying as an expert in this matter.

Lastly, Defendants contend Plaintiff's damages expert relied on information and documents that were not disclosed to Defendants in discovery, requiring the Court to strike the report or, alternatively severely limit the opinions offered therein.

Plaintiff contends his failure to timely file his expert reports was harmless as he filed them one day late. Plaintiff argues Defendants filed their report with the Court at 11:17 pm on February 3, 2020, while Plaintiff filed his reports at 4:32 pm February 4, 2020. Thus, in Plaintiff's view, Defendants' filing late in the evening on the last day means, practically, both Plaintiff and Defendants' reports were available for review on the same day and consequently, Plaintiff's late filing resulted in zero harm to Defendants. Alternatively, Plaintiff asks the Court to grant him leave to file his reports one day late.

Plaintiff further opposes the disqualification of his expert Jonathan Coughlan. According to Plaintiff, Coughlan is not conflicted because he was never retained by Defendants, he was never paid by Defendants, he did not provide any report or opinions for Defendants and the only materials provided him for his review from Defendants consisted of the public filings in the case. Therefore, there was no disclosure of confidential information and no conflict of interest is his offering expert opinions for Plaintiff.

2

Lastly, Plaintiff contends he provided Defendants with all the documents provided his damages expert, Zeleznik & Assocs. LLC., upon the filing of this Motion which has provided Defendants ample time to review before trial, therefore, no harm has occurred. Plaintiffs have also provided Defendants with all their damages experts' calculations. Furthermore, there is nothing "new" in the Zeleznik report since everything was discussed by Plaintiff in his deposition.

## **Standard of Review**

Federal Rule of Civil Procedure 26 requires disclosure of any expert testimony 'at least 90 days before the date ser for trial or for the case to be ready for trial" absent any stipulation by the parties or court order. "The Sixth Circuit and other courts have held that district courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Estes v. King's Daughters Med. Ctr.,* 59 F. App'x 749, 753 (6th Cir. 2003); *Pride v. BIC Corp.,* 218 F.3d 566, 578–79 (6th Cir. 2000). "A violation of Rule 26 gives rise to the application of Rule 37(c)(1), which provides that '[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Eiben v. Gorilla Ladder Co.,* No. 11-CV-10298, 2013 WL 1721677, at *4 (E.D. Mich. Apr. 22, 2013) quoting F.R.C.P. 37. "The Sixth Circuit has interpreted this rule as requiring the 'automatic and mandatory [exclusion of non-disclosed evidence] unless non-disclosure was justified or harmless.'" *Eiben,* 2013 WL at *4 quoting *Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn.,* 388 F.3d 976, 983 (6th Cir.2004). See also *R C. Olmstead, Inc. v. C.U. Interface, LLC,* 606 F.3d 262, 271 (6th Cir.2010). ("Federal Rule of Civil Procedure 37(c)(1) requires

absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified. The burden is on the potentially sanctioned party to prove harmlessness." *Id.* at 271–272.

**Untimeliness of Plaintiff's Expert Reports**

There is no question Plaintiff filed his expert reports late. There is also no question that the Court has broad discretion to determine the need for and scope of a sanction for untimely disclosure. However, the Court must first determine if the failure was harmless.

Plaintiff contends the one day delay resulted in no harm to Defendants, particularly since Defendants filed their own expert report late in the evening of February 3, 2020. Defendants do not point to any particular harm resulting from the late disclosure other than a general lack of knowledge of the use of an expert or the content of the opinions offered therein. Thus, the Court finds the short delay resulted in no harm to Defendants. Furthermore, there is even less likelihood of any real harm to Defendants given the indefinite suspension of the trial date due to the corona virus pandemic.

**Coughlan's Conflict of Interest**

Defendants contend Plaintiff's expert Jonathan Coughlan must be disqualified because Defendants originally approached him to be their expert in this case. According to the affidavit of Defendants' attorney, Monica Sansalone, she engaged Coughlan on April 25, 2019, to serve as an expert for Bittinger, forwarded him several documents related to the case and advised him of the defense's strategy. (ECF # 63-2). According to her affidavit, Sansalone asserts Coughlan agreed to serve as Bittinger' expert but did not perform any work because he was an expert in

4

another matter adverse to a client of Sansalone and decided to wait until that matter resolved. (*Id.*). It is undisputed that Coughlan never performed any analysis for Defendants in this matter.

In Opposition, Plaintiff offers the affidavit of Coughlan who attests he was never retained by Defendants nor was he provided any confidential information. (ECF # 64-1). Coughlan attaches an email chain between himself and Sansalone which he attests was the extent of his conversations with Sansalone apart from one or two phone conversations. The emails reflect the following exchange between Sansalone and Coughlan:

Sansalone: Hi Jon,

> I would like to retain you as an expert if you are available in a legal malpractice case filed in the Northern District of Ohio against Stephen Bittinger, Esq.
>
> Attached are the following documents: 1.Complaint
>
> 2.Answer
>
> 3.Motion for Judgment on the Pleadings
>
> 4.Judge Boyko's Opinion & Order
>
> 5.Qui Tam Complaint
>
> The matter had been stayed pending the unsealing of the qui tam complaint which has been filed against Dr. Hedges, who is the plaintiff in the legal malpractice case. To date, Judge Boyko has just set a discovery cutoff and a settlement conference, but no expert deadline. Assuming we don't settle, I would like to have you onboard as the expert. The issues in this case are outlined in the motion for judgment on the pleadings which Boyko denied. If the conflict clears and you are willing to act as the expert, please advise as to rates. Thanks Jon!

5

Coughlan: Hi Monica,

I don't have a conflict but I should let you know I am working as an expert with [redacted] on a matter where you are counsel for one of the parties. Let me know if you wish to discuss or if that is a problem. My expert rate is $400/hour. Jon.

Sansalone: Jon,

Thank you for letting me know. I am actually set to mediate that case with [redacted] next week for two days. Since there is no deadline with the Hedges case, let's just see what happens next week. If [redacted] and I settle, we can move forward. Is that ok?

Coughlan:

That's fine. Circle back if that case settles. Thanks, Jon.

When considering whether to disqualify an expert who has purportedly "switched sides" in an action, courts in this district have reasoned, "the proper focus in such situations is to determine, first, whether the attorney or client acted reasonably in assuming that a confidential or fiduciary relationship of some sort existed and, if so, whether the relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate." *Bray v. Husted,* No. CIV. 11-56-GFVT, 2013 WL 6164536, at *3 (E.D. Ky. Nov. 21, 2013) quoting *Paul By & Through Paul v. Rawlings Sporting Goods Co.,* 123 F.R.D. 271 (S.D. Ohio 1988). "In applying that two-part test, the court asked three main questions: (1) Did the expert witness enter into a relationship which gave rise to an objectively reasonable expectation on the part of the first party that it could disclose confidential information; (2) Did the first party actually disclose confidential information to the expert witness; and (3) Did the

first party make a showing that the expert witness has used or may use such confidential information to the first party's disadvantage." Bray, 2013 WL 6164536 at *3.

A review of the evidence before the Court demonstrates that there was no objectively reasonable basis for Defendants to believe there was a confidential or fiduciary relationship between Defendants and Coughlan. The contents of the emails show only a request by Defendants' counsel to retain Coughlan's services, but there was no final agreement. Neither was there any payment nor any signed document evidencing an agreement. At best, the emails represent a request conditioned on some future event however, the emails indicate no agreement was ever reached. There is no dispute that no consideration was provided in the form of payment. Thus, the Court finds there was no objectively reasonable basis to believe a confidential relationship existed between Defendants and Coughlan. Nor was the information provided by Defendants to Coughlan substantial enough to warrant the harsh sanction of disqualification. The only evidence before the Court is Defendants provided Coughlan documents filed on the public docket which were not confidential records. In her affidavit, Sansalone attests she provided Coughlan the Defendants' legal strategy, but there is no such evidence found in the email chain. Coughlan denies he was provided Defendants' legal strategy in his own affidavit. In short, based on the emails, even if Defendants shared some confidential information with Coughlan the Court finds that based on the limited evidence before it, such disclosure was unreasonable in light of the fact that Coughlan was not retained by Defendants when such disclosure was made and it is unclear if he had even performed a conflicts check before such disclosure was made. Finally, there is no showing that Coughlan has used any such disclosure adversely to Defendants.

Therefore, the Court denies Defendants Motion to Strike Coughlan's report or disqualify him.

**<u>Plaintiffs' Failure to Disclose Information Relied on by his Damages Expert</u>**

According to Defendants, Plaintiff failed to timely disclose a number of financial documents used by his damages expert Zeleznik & Assoc. LLC.  Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the opposing party "a computation of each category of damages claimed" as well as "the documents or other evidentiary material ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed.R.Civ.P. 26(a)(1)(A)(iii).  *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 366–67 (6th Cir. 2010).  These disclosures were required to be made during discovery which closed in June of 2019 .  Plaintiff contends he has subsequently produced them to Defendants since the Motion was filed but that was well after discovery closed and is not what the Rules require.  These were required to be produced in discovery and Plaintiff offers no explanation as to why they were not timely produced.

Fed. R. Civ. P. 37 reads, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

The Court finds Plaintiff's failure to comply with the requirements of Rule 26 to timely produce financial records upon which his damages expert relied, without a showing of substantial justification for the failure or harmlessness, triggers the sanction provisions of Rule 37. Therefore, in light of the admitted untimeliness of Plaintiff's disclosure of his damages documents until well after the close of discovery, the Court finds Defendants can show they were harmed by the lateness of the disclosure and the Court will not consider any opinion as to damages of Plaintiff's expert that relied on the undisclosed documents.

However, in light of the suspended trial date due to the corona virus pandemic, the Court will entertain any motion to reopen discovery to correct this error subject to the payment of any additional costs to Defendants.

Therefore, for the foregoing reasons, the Court grants, in part and denies, in part Defendants' Motion to Strike. The Court grants Defendants' Motion regarding any testimony or evidence of Plaintiff's damages expert that relied on documents that were never produced during discovery. The Court denies Defendants' Motion on all other expert testimony.

IT IS SO ORDERED.

    /s/Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
Senior United States District Judge